UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL R. LINDSAY, II | ) | CASE NO.: 1:23-cv-01649 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| WARDEN TOM WATSON, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |

This matter appears before the Court on Petitioner Wendell R. Lindsay, II, objections to the Magistrate Judge's Report and Recommendation ("R&R"). Upon review, the Court overrules the objections and adopts the R&R and incorporates its findings and conclusions herein. Lindsay's petition is DENIED, and this matter is DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

At the outset, the Court notes that this is Petitioner's second habeas petition before this Court. *Lindsay v. Tibbals*, 1:13CV309 ("Lindsay 1"). His first petition was filed on February 12, 2013, contained both exhausted and unexhausted claims. *Lindsay 1*, Doc. 16. In February of 2014, the Court dismissed the fourth, fifth and sixth grounds for relief in his § 2254 petition. *Lindsay 1*, Doc. 21. The Court construed his remaining claims as follows:

    I.    The trial court erred in admitting: (1) testimony regarding the victim's statements to others when she disclosed the sexual abuse; (2) improper

|     | character/prior bad acts evidence; and (3) a civil protection order in an unrelated case. |
| --- | --- |
| II. | Trial counsel was ineffective in failing to: (a) object to court and prosecutorial misconduct in allowing "true DNA facts" to be "hidden" from expert witnesses; (b) file suppression motions concerning the DNA evidence; and (c) object to testimony from "friends of the court." |
| III. | The verdict was against the manifest weight of the evidence. |
| IV. | The prosecutor committed misconduct by failing to provide discovery of the "true DNA facts." |
| V. | The State should have conducted five separate trials, one for each incident of abuse alleged in the indictment. |

*Lindsay 1*, Doc. 21, p. 6. The *Lindsay 1* R&R concluded that Petitioner's claims were procedurally defaulted and precluded from habeas review. However, the Court went on to "construe the petition to assert the issues therein in the context of ineffective assistance of counsel." *Lindsay 1*, Doc. 21, p. 10-11. Ultimately, after a substantive review of the merits, the R&R recommended dismissal of Petitioner's claims. On February 29, 2016, this Court adopted the R&R and dismissed the Petition. *Lindsay 1*, Doc. 27.

Nearly eight years later, Petitioner brings his current 2254 Petition. Doc. 1. The R&R sums up Petitioner's claims as follows:

> In his First Ground for Relief, Lindsay argues his constitutional rights to due process and equal protection of law were violated when the Parole Board denied his release without a revocation hearing. (Doc. No. 1 at 5.) In his Second and Third Grounds for Relief, Lindsay claims violations of the "ex post facto clause" and the separation of powers doctrine, stemming from the same issue and facts. (Id. at 7-8.)
> …
> In his Fourth Ground for Relief, Lindsay alleges the Ohio Supreme Court's March 8, 2023 Judgment Entry affirming the court of appeals decision dismissing Lindsay's petition for writ of habeas corpus "was erroneous, and did not apply to the subject matter of the appeal and the issues . . . ." (Doc. No. 1.)

Doc. 17, p. 23, 27. The R&R explains that Petitioner's "current habeas petition is challenging the decision the Parole Board made in June 2021, years after the litigation of his first habeas petition concluded." Doc. 17, p. 17. The R&R notes that the current claims were unripe when Petitioner

filed his first 2254 Petition because the events that gave rise to the current claims had not yet occurred. Accordingly, as to these claims, the R&R recommends that Petitioner's claim not be classified as "second or successive" and that they proceed on the merits. Petitioner does not object to this conclusion. Accordingly, the Court adopts this reasoning.

After a lengthy discussion, the R&R concludes that Petitioner's first three claims fail on their merits. Doc. 17, p. 27. In his first claim, Petitioner argues his constitutional rights to due process and equal protection of law were violated when the Parole Board denied his release without a revocation hearing. Doc. 17, p. 23. In his second and third claims, he asserts violations of the "ex post facto clause" and the separation of powers doctrine, stemming from the same issue and facts. Id. The R&R notes that incarcerated individuals have no inherent constitutional right, or liberty interest, to parole. Doc. 17, p. 25.

> Here, Lindsay failed to provide a meaningful basis for the Court to conclude that he had a legitimate claim of entitlement to release that should be afforded constitutional protection. It is undisputed that Lindsay's maximum sentence is for life. *Inmates of Orient*, 929 F.2d at 235 (a convicted person has no claim of entitlement to parole before the expiration of a valid sentence). The circumstances here, where the Parole Board granted release and then revoked same, does not constitute a legitimate claim of entitlement sufficient to trigger the procedural due process protections of the Fourteenth Amendment. *Bell v. Anderson*, 2006 U.S. Dist. LEXIS 75883.

Doc. 17, p. 27. Petitioner does not challenge this conclusion, rather his objections are a repetition of the underlying arguments to the state court and to this Court in his Petition. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Block*, 327 F.Supp.2d 743, 747 (E.D. Mich., 2004). Given this, Petitioner has not demonstrated error by the Magistrate Judge, and his objections are OVERRULED.

As to Petitioner's fourth claim, that the Ohio Supreme Court's March 8, 2023 Judgment

Entry affirming the court of appeal's decision dismissing his petition for writ of habeas corpus "was erroneous, and did not apply to the subject matter of the appeal and the issues[,]" the R&R concludes that it is procedurally defaulted AND fails on the merits. Doc. 17, p. 20, 27. Regarding procedural default, the R&R notes that Petitioner did not raise this claim to the Ohio Supreme Court and the remedy is no longer available to him. Doc. 17, p. 20. Petitioner does not challenge this conclusion in his objections. Accordingly, his objections are OVERRULED.

The R&R is hereby ADOPTED IN WHOLE, and Lindsay's petition is hereby DENIED. The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

April 28, 2025          /s/ John R. Adams
                                                   JUDGE JOHN R. ADAMS
                                                   UNITED STATES DISTRICT JUDGE